# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2010

No. 09-60584
Summary Calendar

Lyle W. Cayce
Clerk

HONG LIN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 792 612

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hong Lin, a native and citizen of China, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) affirming, without opinion, the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture. Lin sought relief based on her allegation that she was arrested and mistreated for distributing flyers in support of the Falun Gong movement. The immigration judge (IJ) found that Lin's testimony was not credible and that her documentary evidence also lacked credibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lin challenges the negative credibility determinations. She contends that the IJ erred in determining that she submitted a fraudulent copy of her household registry booklet. Lin also argues that the IJ misstated her testimony and relied on conjecture and speculation in making the adverse credibility findings.

The IJ's factual finding that an alien is not credible is reviewed for substantial evidence. *Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994). This court will defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).

The IJ correctly noted that there was a discrepancy between the facsimile copy of Lin's household registry booklet and the original. Lin's explanation that the discrepancy resulted from an irregularity in the facsimile transmission process is not convincing, and the evidence of record demonstrates that document fraud is common with respect to Fujian Province. The IJ's concerns over the credibility of the affidavit purportedly provided by Lin's father are understandable given the similarities between the affidavit and Lin's asylum application. In this regard, we note that Lin testified that her uncle may have shared the contents of Lin's asylum application with her father, who was unsure what to write. Finally, in view of documentary evidence showing that the Chinese government monitored citizens' communications, opened their mail, and restricted the travel of Falun Gong adherents, the IJ reasonably determined that there was an inconsistency between Lin's written statement that the Chinese government was searching everywhere for her and the evidence of record, including Lin's testimony that she used her passport to board airplane flights within China in order to escape persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

2

In view of the foregoing, the adverse credibility findings by the IJ are supported by substantial evidence. *See Chun*, 40 F.3d at 78-79. We note that there were additional inconsistencies in Lin's written and oral statements, not explicitly relied on by the IJ, that became apparent during Lin's cross-examination. Because we remain unconvinced, based on the totality of the circumstances, that no reasonable factfinder could have reached the credibility determinations made by the IJ, we defer to the IJ's credibility determinations. *See Wang*, 569 F.3d at 538.

Absent credible evidence, there was no basis upon which to grant immigration relief to Lin. *See Chun*, 40 F.3d at 79. This court need not address Lin's arguments directed to the IJ's alternative holding that, even if Lin had presented credible evidence, she was not entitled to relief. *See id.*

Lin's petition for review is DENIED.